UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERNESTO AMIEVA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1795 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Ernesto Amieva to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

### Background

On September 18, 2012, Movant pled guilty to possession with intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(b)(1)(A). On December 20, 2012, the Court sentenced him to 120 months' imprisonment. Movant did not file an appeal. On the same day he was sentenced, Movant executed a Notice of Compliance with Local Rule 12.07(A). The Notice was signed by Movant, and it provided, "I have been fully informed of my right to appeal the final judgment in this case, I do not wish to file a Notice of Appeal, and I have instructed by attorney not to file a Notice of Appeal."

Movant filed a Notice of Appeal on September 8, 2015, two years and eight months after he was sentenced. In his request to file a late appeal before the Court of Appeals for the Eighth Circuit, Movant claimed he instructed plea counsel to file a Notice of Appeal. He said he is now subject to deportation as a result of his guilty plea, and he stated that counsel was ineffective for failing to advise him of the immigration consequences of his conviction and for failing to file a

Notice of Appeal as instructed. The Court of Appeals dismissed the appeal as untimely. *United States v. Amieva*, No. 15-3131 (8th Cir. Oct. 8, 2015).

In the instant motion, Movant claims that counsel was ineffective for failing to advise him of the immigration consequences of his conviction[1] and for failing to file a Notice of Appeal as instructed. However, in his response to the Court's show cause Order, he admits that he did not instruct counsel to file an appeal. He requests equitable tolling on the basis that he believed plea counsel filed a Notice of Appeal, even though he did not instruct counsel to do so, and that his appeal was pending before the Court of Appeals. He also claims that counsel told him he was going to be resentenced pursuant to Rule 35 of the Federal Rules of Civil Procedure. He says when he learned he did not have a pending appeal he hired present counsel to represent him.

## Discussion

Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from the date the criminal judgment became final to file a motion to vacate. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires, ten days after the judgment is entered. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005); Fed. R. App. Proc. 4(b)(1). The time for filing a direct appeal in this case expired on December 30, 2012. This action was not filed until December 7, 2015, nearly three years after the limitations period expired.

Under the doctrine of equitable tolling, the limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary

---

[1] Although not reaching the merits of this claim, the Court notes that the guilty plea agreement signed by Movant specifically states that nothing in the agreement "limits the rights and authority of the United States to take any . . . immigration/deportation or administrative action against the defendant." It further advises that "The Government takes no position on Defendant's eligibility for deportation."

circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

Movant has not diligently pursued his rights, nor have extraordinary circumstances prevented him from filing a timely motion to vacate. First, the record contradicts his recent assertion that he instructed his counsel to file a Notice of Appeal. Second, he could have easily inquired about the status of any appeal before the § 2255 limitations period expired. Therefore, this action is dismissed. *See* 28 U.S.C. § 2255 Rule 4; *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Finally, Movant has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 30th day of November, 2016.

                                              *Audrey G. Fleissig*
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE